IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| William and Anna Blimmel | ) | |
| | ) | |
| Plaintiffs, | ) | C/A No.: 9:12-cv-00211-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Courtside Villas Horizontal Property | ) | |
| Regime and Bullard and Friedman, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon Defendant's, Bullard and Friedman, LLC ("Bullard & Friedman") Motion to Dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the Court grants Defendant's Motion as to the Fair Debt Collection Practices Act cause of action and dismisses the remaining state law claims without prejudice.

**BACKGROUND**

Plaintiffs William and Anna Blimmel ("Blimmels" or "Plaintiffs") own a condominium at Courtside Villas in Hilton Head, South Carolina. Around May of 2011, a broken dishwasher line in the Blimmels' condominium caused damage both to their condominium and to Mr. and Mrs. Dominick Sorrentino's condominium located on the floor below them. *See* Compl. ¶ 9. Defendant, Courtside Villas Horizontal Property Regime ("Courtside Villas"), assessed repair costs for the Sorrentino's condominium to the Blimmels' maintenance account. *See* Compl. ¶ 11. Bullard and Friedman, a law firm working for Courtside Villas, attempted to collect the assessed repair costs. Plaintiffs allege that in attempting to collect the assessed repair costs Bullard & Friedman "harassed and intimidated the Plaintiffs under false pretenses." Compl. ¶

1

12.  Plaintiffs further allege that Bullard & Friedman sent them a letter representing their account balance as well as the fees that may be associated with Bullard & Friedman's collection efforts; this letters were received by the Plaintiffs in September of 2011.  *See* Compl. ¶ 36.  In December of 2011, Bullard & Friedman notified Plaintiffs about a lien that was being filed against the thier Condominium.  *See* Compl. ¶15.  Plaintiffs filed a Complaint on January 23, 2012.

Plaintiffs brought this action against the Courtside Villas and Bullard & Friedman asserting various causes of action relating to their claim that they are not responsible for the assessed repair costs.  Additionally, Plaintiffs have asserted causes of action related to what they characterize as inappropriate collection efforts.

## ANALYSIS

I.  **Motion to Dismiss**

   a.  **Legal Standard for a Motion to Dismiss For Failure to State a Claim**

"A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint."  *Fed. Trade Comm'n v. Innovative Mktg.*, 654 F.Supp.2d 378, 384 (D. Md. 2009).  The Supreme Court recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  The Supreme Court also noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 678-79; *see also Harman v. Unisys Corp.*, 356 F. App'x. 638, 640 (4th

Cir. 2009). The Court further added that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The Court additionally noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### b. Fair Debt Collection Practices Act Violations

In this case, Plaintiffs have alleged that Bullard & Friedman violated the Fair Debt Collection Practices Act (FDCPA). "The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The Complaint includes nothing more than conclusory allegations that the Fair Debt Collection Practices Act was violated because the debt is not a valid debt, was not and cannot be verified, and collection of such a debt is improper harassment, based on false or misleading representations, and constitutes an unfair practice.[1] The Complaint does not include facts relating to violations of the Fair Debt Collection Practices Act as to Bullard & Friedman or Courtside Villas. This cause of action is hereby dismissed as to all Defendants, because conclusory allegations that merely recite the conduct prescribed by a statute, but do not include sufficient factual matter to state a claim to relief that is plausible on its face are insufficient to survive a motion to dismiss.

## II. State Law Claims

This Court has jurisdiction over the state law causes of action through supplemental jurisdiction, pursuant to 15 U.S.C. § 1367(a). "A district court's decision whether to exercise that

---

[1] Plaintiffs allege the following sections were violated 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. V. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Nonetheless, "the strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative." *United States ex rel. Scott v. Metropolitan Health Corp.*, 375, F.Supp.2d 626, 647 (W. D. Mich. 2005). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Having dismissed the only federal cause of action pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismisses the remaining causes of action which are based purely on state law.

## CONCLUSION

It is **ORDERED**, for the forgoing reasons, that Defendants' 12(b)(6) Motion to Dismiss is **GRANTED** as to the Fair Debt Collection Practices Act cause of action**.** It is further **ORDERED** that the state law claims are **DISMISSED** because the Court no long has jurisdiction over the case.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 8, 2012**
**Charleston, SC**